## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

THOMAS STEWART,             )
      ID #571449,           )
           Plaintiff,        )
vs.                       )      No. 3:16-CV-846-D-BH
                       )
4 UNKNOWN OFFICERS/DEPUTIES,   )
ET AL.,                  )
          Defendants.     )      Referred to U.S. Magistrate Judge

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for judicial screening. Before the Court are the plaintiff's initial *Application to Proceed In Forma Pauperis,* received March 25, 2016 (doc. 3), and *Application to Proceed In Forma Pauperis,* received April 7, 2016 (doc. 5), with the required certificate of inmate trust account. Based on the relevant filings and applicable law, the applications should be denied, and this case should be summarily **DIS-MISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

### I.  BACKGROUND

On March 25, 2016, Thomas Stewart (Plaintiff), an inmate at the Texas Department of Criminal Justice (TDCJ) Bradshaw Unit, filed a complaint under 28 U.S.C. § 1983 against various law enforcement officers, a state judge, and his appointed criminal defense attorney. (doc. 2 at 3-15.)[1] He contends that the officers illegally detained him, searched his vehicle and planted drugs in it, and caused him to injure himself prior to his arrest. He claims that the judge concealed the officers' conduct, and that his attorney was ineffective. (*Id.*) No process has been issued.

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  THREE STRIKES

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g).  It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has been sanctioned and barred by United States Court of Appeals for the Fifth Circuit from filing any pleadings without advance written permission:

> On July 6, 1998, the Fifth Circuit Court of Appeals sanctioned Plaintiff Thomas Gilmore Stewart and "barred [him] from filing any pleadings or documents of any kind, either in the district courts of this circuit or in this court, without advance written permission of a judge of the forum court." *Stewart v. Mesquite*, No. 96-10931 (5th Cir. 1998). On June 2, 2000, the Fifth Circuit imposed a monetary sanction of $105 on Plaintiff and warned him that any attempt to file frivolous pleadings in the future will result in further sanction. *In re Stewart*, No. 99-11072 (5th Cir. 2000).

*Stewart v. Smith*, No. 3:07-CV-1991-L, doc. 4, at 1 (N.D. Tex.) (recommending that action be administratively closed), *rec. adopted*, doc. 7 (Jan. 7, 2008).  He has had more than three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See Stewart v. Sheely*, No. 6:10-CV-1992-WSS, doc. 22, at 2 (W.D. Tex. May 9, 2011) ("Plaintiff has on three prior occasions, while incarcerated or detained, brought an action or an appeal in a court of the United States that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted."), citing *In re Stewart*, Appeal No. 99-00074 (5th Cir. Dec. 13, 1999) (listing Plaintiff's three strikes); *Stewart v. Scott*, No.

97-CV-175 (E.D. Tex. Nov. 24, 1998); *Stewart v. Mesquite Police Dep't*, Appeal No. 96-10931 (5th Cir. July 6, 1988); *Stewart v. Mesquite Police Dep't*, Appeal No. 95-11103 (5th Cir. Oct. 10, 1996). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Plaintiff has made no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III.  RECOMMENDATION

Plaintiff's applications for leave to proceed *in forma pauperis* should be denied, and his claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full $400 filing fee[2] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SIGNED this 11th day of April, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4